**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Zachary Lally,

Plaintiff, Case No. 25-cv-13798

v. Judith E. Levy
United States District Judge

Gregory Thompson, Chad Sell,
and County of Livingston, Mag. Judge Anthony P. Patti

Defendants.

________________________________/

**OPINION AND ORDER GRANTING DEFENDANT COUNTY OF LIVINGSTON'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT [12]**

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Zachary Lally alleges that two members of the Livingston County, Michigan police force (Defendants Gregory Thompson and Chad Sell) fabricated evidence against him and caused him to be maliciously prosecuted. The County's motion to dismiss Count IV of Plaintiff's Complaint is now before the Court. (ECF No. 12.) The County argues that Count IV fails to state a plausible claim for municipal liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S.

658 (1978) and is thus subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the reasons set forth below, the Court GRANTS the County's motion. Count IV is dismissed without prejudice to provide Plaintiff an opportunity to correct the pleading deficiencies identified herein.

## I. Background

On October 4, 2018, Plaintiff (who was then twenty years old) was arrested for drunk and disorderly conduct after an afternoon spent golfing and drinking at the Brighton, Michigan country club where he was employed. (ECF No. 1, PageID.2–3, ¶ 8.) One of Plaintiff's co-workers (who was then seventeen years old) later accused him of sexually assaulting her that afternoon. (*See id.* at PageID.2–3, ¶¶ 8, 10.)

Defendants Sell and Thompson investigated the sexual assault claim asserted against Plaintiff. (*See generally id.* at PageID.3–8, ¶¶ 11–33.) Plaintiff contends that Sell and Thompson made various false statements and otherwise acted improperly during their investigation. (*See generally id.* at PageID.4–8, ¶¶ 16–33.) Plaintiff claims that this misconduct led the Livington County Prosecutor's Office to charge Plaintiff with criminal sexual conduct. (*See id.* at PageID.8, ¶ 34.)

A jury found Plaintiff guilty at the conclusion of his first trial on these charges. (*See id.* at PageID.9, ¶ 37.) Plaintiff moved for a new trial following the verdict, asserting that his trial was tainted by prosecutorial misconduct, fabrication of evidence, and Thompson's allegedly false testimony. (*Id.* at PageID.9, ¶ 38.) A Livingston County Circuit Court judge held an evidentiary hearing and concluded that Plaintiff was denied a fair trial due to prosecutorial misconduct. (*Id.* at PageID. 9–10, ¶¶ 39–40.) The court also found that Thompson had testified falsely at trial. (*See id.* at PageID.10, ¶ 40.)

Plaintiff was tried for a second time on the same charges. At Plaintiff's second trial, Defendant Sell admitted under oath that he had "misrepresented the nature of the alleged crime to the complainant's mother, despite knowing that her daughter's account did not support such charges." (*See id.* at PageID.10, ¶ 44.) He testified that he misrepresented information to "get [the complainant's mother] riled up." (*Id.*) During his testimony, Defendant Thompson was "forced to concede" that the complainant "never mentioned" details that he "later wrote into his report." (*Id.* at PageID.11, ¶ 45.) Thompson also acknowledged

knowing that "minors are highly suggestible and that proper training forbids suggestive questioning." (*Id.*)

The jury found Plaintiff not guilty at the end of his second trial. (*Id.* at PageID.11, ¶ 46.) Plaintiff claims that he was "wrongfully incarcerated or seized—initially under bond restrictions and later in jail—from October 10, 2018, through July 16, 2025 . . . as a direct result of Defendants' misconduct." (*Id.* at PageID.11, ¶ 48.)

Plaintiff filed this case against Thompson, Sell, and Livingston County on November 25, 2025. (*See* ECF No. 1.) The Complaint asserts the following four counts, all of which are brought under 42 U.S.C. § 1983:

- Count I: Plaintiff brings a fabrication-of-evidence claim against Defendant Thompson in his individual capacity. Plaintiff alleges that Thompson violated Plaintiff's rights under the Fourth and Fourteenth Amendments to "be free from police officers fabricating evidence to create probable cause or strengthen a criminal case." (*Id.* at PageID.14, ¶ 57; *see generally id.* at PageID.14–15, ¶¶ 56–59.)

- Count II: Plaintiff brings a malicious prosecution claim against Thompson in his individual capacity. Plaintiff alleges that Thompson violated Plaintiff's rights under the Fourth and Fourteenth Amendments to "be free from unlawful seizure and continued detention without probable cause and to be free from prosecution based on fabricated evidence, false statements, or material omissions." (*Id.* at PageID.15, ¶ 61; *see generally id.* at PageID.15–16, ¶¶ 60–69.)

- Count III: Plaintiff brings a malicious prosecution claim against Defendant Sell in his individual capacity. Plaintiff

alleges that Sell violated Plaintiff's right under the Fourth and Fourteenth Amendments to be free from seizure or detention "based on fabricated or coerced evidence." (*Id.* at PageID.16, ¶ 71; *see generally id.* at PageID.16–18, ¶¶ 70–78.)

- Count IV: Plaintiff asserts a claim for *Monell* liability against the County of Livingston based on the County's alleged creation and maintenance of "customs, policies, and practices that demonstrated deliberate indifference to citizens' constitutional rights." (*Id.* at PageID.18, ¶ 80; *see generally id.* at PageID.18, ¶¶ 79–81.)

In support of his *Monell* claim against the County, Plaintiff alleges that, prior to his conviction, detectives with the Livingston County Sheriff's Office "had not received adequate training in the proper methods for interviewing minor victims of sexual assault, nor in the requirement of candor and honesty when preparing reports for prosecutors or magistrates, or when testifying in support of probable cause determinations." (*Id.* at PageID.12, ¶ 49.) Plaintiff further alleges that, "[o]n or before October 2018, Livingston County, by and through its final policymakers, maintained a custom, policy, or practice that condoned, tolerated, and approved illegal and unconstitutional conduct by [Livingston County Sheriff's Office] detectives." (*Id.* at PageID.12, ¶ 50.) The "illegal and unconstitutional customs, policies and practices included, but were not limited to[,]" "[r]atifying and failing to discipline detectives previously found to have fabricated evidence or made false

statements and material omissions in support of warrants"; "[f]ailing to adequately train offices on proper methods of interviewing minor victims of sexual assault, and on the duty of honesty and candor in report writing, warrant affidavits, and testimony"; and "[o]ther acts that will become evident during discovery." (*Id.* at PageID.12, ¶ 51.) Plaintiff alleges that these "customs and policies" demonstrate "deliberate indifference to the constitutional rights of citizens, including Plaintiff" (*id.* at PageID.12, ¶ 52) and "were the moving force behind the constitutional violations committed by the individual Defendants." (*Id.* at PageID.13, ¶ 53.) He contends that "Livingston County's '*Monell*' violations directly and proximately caused Plaintiff's injuries by fostering an environment in which detectives believed they could act with impunity by fabricating evidence, making false statements, and omitting material facts in reports and in communications with prosecutors." (*Id.* at PageID.13, ¶ 54.)

Defendants Thompson and Sell filed an answer to the Complaint on January 12, 2026. (ECF No. 11.) Defendant County of Livingston moved to dismiss Count IV (i.e., the sole count asserted against it) on the same date. (ECF No. 12.) The motion is fully briefed. (*See* ECF No. 17, 18.)

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a facially plausible claim requires courts to construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and decide whether there is enough factual content to allow 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mich. First Credit Union v. T-Mobile USA, Inc.*, 108 F.4th 421, 425 (6th Cir. 2024) (quoting *Iqbal*, 556 U.S. at 678). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "Although for the purposes of [a] motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it is] not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *cited in Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## III. Analysis

Count IV seeks to hold Livingston County liable for the alleged constitutional violations committed by the individual defendants in this case. "[A] local government [such as Livingston County] may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). A plaintiff who asserts a claim against a municipality under § 1983 must therefore "demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 690). "A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.* (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005)).

Plaintiff asserts that his current Complaint "only alleges a policy of failing to inadequately train police officers in routine aspects of criminal investigations and report writing." (ECF No. 17, PageID.125 n.1.) The Court will therefore focus solely on whether Plaintiff has stated a plausible failure-to-train claim under *Monell*.

"[T]o show that a municipality is liable for a failure to train its employees, a plaintiff 'must establish that: 1) the [municipality's] training program was inadequate for the tasks that officers must perform; 2) the inadequacy was the result of the [municipality's] deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019) (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006)). "[T]he plausibility standard of *Twombly* and *Iqbal*" governs a court's review of "a motion to dismiss a *Monell* claim." *Bailey v. City of Ann Arbor*, 860 F.3d 382, 388 (6th Cir. 2017). In accordance with that standard, a complaint alleging a *Monell* failure-to-train claim will be dismissed if it includes only "conclusory assertions" that amount to "legal conclusions" instead of "factual allegations indicating what the training policies were, why they were inadequate, how the [municipality] was

deliberately indifferent, or how the failures related to the [plaintiffs'] injuries." *Wright v. Louisville Metro. Gov't*, 144 F.4th 817, 827 (6th Cir. 2025) (affirming dismissal of *Monell* failure-to-train claim under Rule 12(b)(6)), *cert. denied sub nom. Wright ex rel. Lyle v. Louisville Metro. Gov't*, 146 S. Ct. 1472, 223 L. Ed. 2d 519 (2026).[1]

Plaintiff's claim against the County does not plausibly allege a failure-to-train claim under *Monell* because Plaintiff fails to allege facts that, taken as true, could plausibly demonstrate that County detectives received inadequate training. Plaintiff alleges that "LCSO detectives had not received adequate training in the proper methods for interviewing minor victims of sexual assault, nor in the requirement of candor and honesty when preparing reports for prosecutors or magistrates, or when

[1] The Court declines Plaintiff's invitation to follow *Rolen v. City of Cleveland*, No. 1:12 CV 1914, 2013 WL 12145960 (N.D. Ohio Aug. 7, 2013) when considering the County's motion. (*See* ECF No. 17, PageID.127.) *Rolen* concluded that the plaintiffs "adequately pled their *Monell* claim under a 'failure to train' theory" where they "alleged in detail the constitutional violations committed by City employees . . . [and] clearly stated in their Complaint that these violations were caused by Defendant City of Cleveland's failure to adequately train its police officers in the application of probable cause to make arrests or the use of deadly force." 2013 WL 12145960, at *4. This approach appears to be inconsistent with the Sixth Circuit's more recent guidance regarding what is necessary to adequately allege a *Monell* claim. *See Wright v. Louisville Metro. Gov't*, 144 F.4th 817, 827 (6th Cir. 2025); *Bailey v. City of Ann Arbor*, 860 F.3d 382, 388 (6th Cir. 2017).

testifying in support of probable cause determinations." (ECF No. 1, PageID.12, ¶ 49.) But Plaintiff offers no factual allegations to back up his conclusory assertion that LCSO detectives did not receive adequate training in these topics. *See Wright*, 144 F.4th at 827 (concluding that a complaint offered only "conclusory assertions, not plausible allegations" in stating that a city failed to adequately train its police officers regarding "the process to obtain a [s]earch [w]arrant and its subsequent execution").

The absence of factual material is notable given that Defendant Thompson testified at both of Plaintiff's criminal trials and also at the evidentiary hearing following Plaintiff's first trial (*see* ECF No. 1, PageID.8–9, ¶ 35; *id.* at PageID.9–10, ¶ 39; *id.* at PageID.11, ¶ 45) and Defendant Sell testified at Plaintiff's second criminal trial (*see id.* at PageID.10–11, ¶ 44). Plaintiff also alleges that Thompson addressed what constitutes proper training regarding "suggestive questioning" as part of his testimony. (*Id.* at PageID.11, ¶ 45.) Despite apparently having access to or at least knowledge of this testimony, Plaintiff offers no non-conclusory allegations regarding what these individuals recounted regarding any training they may have received.

Ultimately, Plaintiff's Complaint "merely *assumes* the training [of Livingston County detectives] must have been insufficient" because two of these detectives allegedly violated his civil rights while investigating an alleged sexual assault. *Kalchert v. Adamek*, No. 24-12637, 2026 WL 483637, at *3 (E.D. Mich. Feb. 20, 2026). The Court may not assume inadequate training under these circumstances. *See id.* (collecting cases); *see also Stewart v. Bailey*, No. 1:22-v-1018, 2023 WL 236530, at *5 (W.D. Mich. Jan. 18, 2023) ("The Supreme Court has long held that an inference of inadequate training based solely upon isolated incidents is 'unwarranted . . . in its assumption that the act at issue arose from inadequate training'" (quoting *Oklahoma City v. Tuttle*, 471 U.S. 808, 821 (1985))); *Anderson v. Jones*, 440 F. Supp. 3d 819, 836 (S.D. Ohio 2020) ("[T]here must be some showing that the training fell below an objectively reasonable level, not merely a *post hoc* assumption that, because a harm occurred, the training was necessarily inadequate . . . .").

Because Plaintiff offers no factual support for his claim that Livingston County failed to adequately train its detectives, the Court need not address whether Plaintiff has adequately alleged that the County was deliberately indifferent to the allegedly inadequate training

or that the allegedly inadequate training was causally connected to the harm Plaintiff allegedly suffered. Plaintiff is required to allege factual support for the existence of these elements and may not rely on conclusory assertions that echo the legal requirements for a failure-to-train claim under *Monell*.

In sum, Count IV will be dismissed under Rule 12(b)(6) for failure to state a plausible claim for *Monell* liability against Livingston County. The dismissal will be without prejudice, however, to afford Plaintiff an opportunity to cure the deficiencies identified herein by submitting an Amended Complaint.

## IV. Conclusion

For the reasons set forth above, the motion to dismiss filed by the County of Livingston (ECF No. 12) is GRANTED. Count IV of Plaintiff's Complaint is conditionally dismissed without prejudice.

If Plaintiff wishes to correct the deficiencies that are identified in this Opinion and Order, he may file an Amended Complaint no later than fifteen days after the date on which this Opinion and Order is entered. If Plaintiff does not file an Amended Complaint by that date, Count IV will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: July 28, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager